IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JONATHON KEPLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-05117 |
| | ) | |
| SECURITAS SECURITY SERVICES USA, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Securitas Security Services USA, Inc.'s ("Securitas") Motion to Stay Plaintiff's Claims and Compel Arbitration (Doc. 13). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

On or about March 16, 2018, Plaintiff began working as a Security Officer for Securitas in Springfield, Missouri. On the same date, Securitas argues that Plaintiff signed a contract in which he "acknowledged and agreed to be bound by a mutual agreement to arbitrate claims" ("Agreement"). (*See* Docs. 14-1, 14-2). The Agreement was titled "Dispute Resolution Agreement" and contains the following language:

> Under the terms set forth below, both you and the Company mutually agree and thus are required to resolve claims either may have against the other by Arbitration instead of in a court of law.

(Doc. 14-1, p. 1). Additional terms of the Agreement include: the "Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and evidences a transaction involving commerce." *Id*. The acceptor "[agrees] to resolve claims under the Agreement is a condition of [his] employment." *Id*. The acceptor agrees that "by working at Securitas or continuing to work at

Securitas [acceptor] and Securitas agree that the Agreement will apply to all covered legal claims between [acceptor] and [Securitas] as specified below." *Id*. Securitas states that nothing within the agreement, or elsewhere, contradicts that Plaintiff's employment was conditioned on his assent to be bound by the arbitration agreement. The Agreement then specifies that the mutual agreement to arbitrate covered legal claims "applies to all disputes regarding the employment relationship." *Id*. at 2. Moreover, the "Agreement is intended to apply to the resolution of all disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. It requires all such disputes to be resolved only by an Arbitrator through final and binding arbitration and not by way of court or jury trial." *Id*.

Securitas claims that Plaintiff similarly confirmed his understanding "that by working at Securitas or continuing to work at Securitas you and Securitas agree that the Agreement will apply to all covered legal claims between you and the Company as specified below." *Id*. at 1. Covered legal claims include "state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims…and...all other federal or state legal claims…arising out of or relating to Employee's employment or the termination of employment. " *Id*. at 2.

Plaintiff brings claims in this suit for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. (Doc. 1). According to the Complaint, Plaintiff alleges that Securitas violated the USERRA by rehiring him upon his return from deployment to a demoted position with less pay. *Id*. at ¶ 9, 10. Plaintiff alleges that he was required to complete his prior job duties without a change in title. *Id*. at ¶ 11. Plaintiff eventually quit in August 2020. *Id*. at ¶ 12. According to Plaintiff's Complaint, he alleges that the foregoing constitutes a violation of the USERRA. *See generally* Doc. 1. Plaintiff seeks compensatory and/or liquidated damages, costs, expenses, and attorneys' fees.

## STANDARD

A party who has not agreed to arbitrate a dispute cannot be forced to do so. *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648 (1986). The validity of an arbitration agreement is determined by reference to state law. *See Perry v. Thomas,* 482 U.S. 483, 493-94 n. 9 (1987). Because Plaintiff worked for Defendant in Missouri and resided in Missouri, Missouri law controls the validity of Defendant's arbitration agreement. Under Missouri law, the Court must engage in a three-step process, deciding: 1) whether a valid contract exists; 2) whether the specific dispute falls within the scope of the arbitration agreement; and 3) the court must then determine if the agreement is subject to revocation based upon contract principles, such as whether it is procedurally or substantively unconscionable. *Whitworth v. McBride & Son Homes, Inc.,* 344 S.W.3d 730, 736 (Mo. App. W.D. 2011), citing *Nitro Distributing, Inc. v. Dunn,* 194 S.W.3d 339, 345 (Mo. banc 2006). The court uses normal state law contract principles in deciding those issues. *Id.*

## DISCUSSION

**A. The Agreement is valid under Missouri contract law.**

Under Missouri law, a court will enforce an arbitration agreement only if the agreement meets the essential contract elements of offer, acceptance, and consideration. *Id.* If any of these elements are missing, "no action to compel arbitration will lie." *Jackson v. Higher Ed. Loan Authority of Missouri,* 497 S.W.3d 283, 288 (Mo.App. E.D. 2016). Plaintiff argues that the Agreement lacks mutuality of agreement, lacks consideration, and is unconscionable.

Arbitration agreements are bilateral. When the process begins with an unsigned proposal to arbitrate from the employer to the employee, to enforce arbitration, the employer must show: 1) unsigned proposal was given to the employee; 2) the employee accepted (such as signed) the

unsigned proposal and communicated that acceptance back to the employer (thus the first part of the bilateral requirement is met); and 3) the employer, in turn, accepted the proposal and communicated that acceptance back to the employee. *See Baier v. Darden Rest.*, 420 S.W.3d 733, 738 (Mo. App. W.D. 2014).

Looking to the essential elements of a binding contract, the Agreement at issue contained a valid offer, acceptance, and consideration. First, the presentation of an arbitration agreement, alone, satisfies the offer requirement to find a binding, enforceable arbitration agreement. *Greene v. Alliance Auto., Inc*, 435 S.W.3d 646, 650 (Mo. App. 2014). The Missouri Court of Appeals previously considered this exact Agreement (*Miller v. Securitas Sec. Servs. USA, Inc.*, 581 S.W.3d 723, 730) and found that the Agreement clearly demonstrated Securitas' objective intent to enter into a binding contract because:

1. The Dispute Resolution Agreement was not labeled as a "policy" or "process"; rather, the document was titled "Dispute Resolution Agreement" and the introductory paragraph confirmed in bold lettering that it was an "arbitration agreement." *Id*. at 730.
2. The Agreement also stated that "[n]othing contained in this Agreement shall be construed to prevent or excuse Employee from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for using these procedures," further advising that the Agreement was a contract, not simply an internal policy. *Id*.
3. Securitas did not hide behind "linguistic smokescreens" but instead clearly stated its intent to enter into an arbitration agreement with Miller. *Id*.

With respect to acceptance, Plaintiff was presented with the Agreement before his hiring rather than mid-employment or any other time. Plaintiff confirmed receipt and review of the

Agreement. (Docs. 35-2, 35-4). Plaintiff signed and returned the Agreement signature page demonstrating acceptance. (Doc. 35-4). This is sufficient to determine that Plaintiff and Securitas had a meeting of minds at the time that Plaintiff signed and agreed to the Agreement and Securitas hired Plaintiff. Both parties agreed to be bound by the Agreement and there is valid acceptance in this case.

There is also sufficient consideration in this case. "Consideration consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 25 (Mo. App. W.D. 2008). In the absence of other consideration, mutuality of contract may suffice: "[m]utuality of contract means that an obligation rests upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound." *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 433 (Mo. banc 2015).

Plaintiff's and Securitas' promise to submit all claims to arbitration is sufficient consideration. Plaintiff argues that there can be no consideration where the supposed consideration is a condition of acceptance of employment. However, Plaintiff's employment was not the consideration at issue. The mutuality of the requirement that both Securitas and Plaintiff submit all legally cognizable claims to arbitration is what constitutes the sufficient consideration. *See Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 684 (E.D. Mo. App. 2015) (concluding that the parties' mutual agreement to arbitrate constitutes sufficient consideration); *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 438 (W.D. Mo. App. 2010) (stating if an arbitration agreement "contains mutual promises, such that a legal duty or liability is imposed on each party as a promisor to the other party as a promisee, the contract is a bilateral contract supported by sufficient consideration.").

Plaintiff lastly argues that the Agreement is unconscionable. The unconscionability doctrine guards against one-sided contracts, oppression, and unfair surprise. *Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 493 (Mo. banc 2012). Plaintiff argues that the Agreement violates Plaintiff's constitutional right to trial by jury as provided for by the Missouri Constitution.

First, the inclusion of a jury trial waiver provision does not make a contract unconscionable. Missouri courts have held that a party may contractually relinquish fundamental and due process rights. "Arbitration agreements are an example where the courts have upheld the parties' right to contractually agree to relinquish substantial rights. In every arbitration agreement, the parties not only agree to waive a jury trial but also to give up their right to present their claim to any judicial tribunal deciding the case." *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626 (Mo. banc 1997).

Because the Agreement satisfies the essential elements of a binding contract, the Court finds that the arbitration agreement entered into by the parties is valid under Missouri law.

### B. Plaintiff's USERRA claims are subject to arbitration.

Plaintiff argues that his USERRA rights may not be abrogated by the arbitration agreement. The USERRA provides:

> This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

38 U.S.C. § 4302.

However, USERRA claims can be subject to arbitration. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 681 (5th Cir. 2006) (enforcement of employment arbitration agreements does not disserve or impair the protections guaranteed by USERRA). Plaintiff argues that the Agreement impacts his procedural rights under USERRA, specifically his right to bring suit in

federal court. (Doc. 18). Chapter 43, however, protects the substantive rights of persons under USERRA, rather than protecting particular procedural rights. Under USERRA a person may file a complaint with the Secretary of Labor (who will investigate and attempt to resolve the complaint) and then, depending on the outcome of the investigation, request that the Secretary refer the matter to the Attorney General for further prosecution. 38 U.S.C. § 4323(a)(1*)*. Alternatively, a person may pursue a civil action in federal court, forgoing all agency participation. 38 U.S.C. § 4323(a)(2).

According to the Supreme Court, "It is not evident from the statutory language that Congress intended to preclude arbitration by simply granting the possibility of a federal judicial forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 626-27 (1985). "When properly interpreted, [USERRA] can be harmonized with the FAA and mandatory arbitration…Chapter 43 codifies the rights of soldiers and reservists to reemployment, to leaves of absence, to protection against discrimination and to health and pension plan benefits, among others. These are substantive rights." *Garrett*, 449 F.3d at 678 (citation omitted). Section 4303(2) defines rights for the purposes of the chapter:

> The term "benefit", "benefit of employment", or "rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. § 4303(2). These defined rights are also substantive—relating to compensation and working conditions—and do not suggest that a particular forum for dispute resolution is within the protected rights under USERRA. *See also Garrett*, 449 F.3d at 678.

An agreement to arbitrate under the Federal Arbitration Act is effectively a forum selection clause, not a waiver of substantive statutory protections and benefits. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295 (2002). Moreover, "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." *Mitsubishi*, 473 U.S. at 479.

As a claimant under the USERRA does not lose or have restricted any substantive right guaranteed by the statute if the party submits to arbitration, Plaintiff's claim in this case are subject to arbitration.

## CONCLUSION

The Agreement between the parties is a valid and binding contract. In addition, Plaintiff's claims under USERRA are subject to arbitration. Defendant's Motion to Stay Plaintiff's Claims and Compel Arbitration (Doc. 13) is hereby **GRANTED** and the parties are **ORDERED** to arbitrate their claims pursuant to the Agreement.

**IT IS SO ORDERED.**

Dated: April 12, 2021   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**